Hall, J.
1. The evidence in this case warranted a conviction of receiving stolen goods, knowing them to be stolen.
2. The indictment is sufficiently technical and correct. It states the offense substantially in the very terms and language of the Code, or at least so plainly that its nature may be easily understood by the jury. Cede, §4628.
3. The receiver of stolen goods, knowing them to have been stolen or feloniously taken, is an accessory after the fact, and the principal should be prosecuted and convicted before the trial and conviction of the receiver; but where the indictment charged that the principal was unknown to the grand jury, so that he might be taken and prosecuted to conviction, the receiver could be prosecuted and convicted alone. Code, §§4488, 4489; 4 Ga., 465, 473.
4. A felonious taking, as well as theft, was distinctly charged in this indictment against the principal as well as against the receiver! Had it not been so charged in terms, this would not have rendered the indictment insufficient. If the principal took the goods with felonious intent and was guilty of felony, and would have suffered the punishment of a felon upon conviction, the party who received the goods, knowing them to have been stolen, whether he is apprised of the intent and circumstances with which they were originally taken or not, is liable to the same punishment as the original thief; and this guilty knowledge may in most cases be inferred from facts and circumstances in proof.
5. A charge in the indictment that ths principal broke open and stole from a railroad car makes a felony.
(a) It was not material to charge that the breaking and stealing occurred in the county of the trial, if it were charged that the knowingly receiving was done there. 4Ga., 469; 45 Id., 569, 573; 42 Id., 221.
Judgment affirmed.